**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| (SUI-JURIS) CAMRAN L. SHAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00063-HEA |
| | ) | |
| FAITH M. RIVERA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff (Sui-Juris) Camran L. Shaw's application to proceed in district court without prepaying fees and costs. Having reviewed the financial information contained in the application, the Court will grant the application and waive the filing fee. For the reasons explained below, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief may be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court not required to "accept as true any legal conclusions couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. §1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone*, 364 F.3d at 914-15 (federal courts not required to

"assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff alleges his constitutional rights were violated during child custody hearings held by the Department of Children Services of Adair County, Missouri. He brings this action against 20 defendants: Faith M. Rivera (Occupation Unknown); Alexa Ann Smyser (Circuit Manager); Mary Ann Kilbourn (Case Manager); Martha C Stewart (Case Manager); Brooklyn M Stribling (Case Specialist); Rosemary B Goodwin (Lewis County School District); David C. Rouner (Attorney); Mathew J. Wilson (Judge); Raymond D. Jagger (Kirksville PO); Ron Collinge (Kirksville PO); Steve Feeney (Kirksville PO); Jeffery Gottman (Bailiff); Martha Cole (Circuit Clerk); Phill Macintosh (GAL); Lauren Grogan (Juvenile Officer; Adair County); Kevin Martin (Juvenile Officer; Adair County); Kendrea Smith (Relative Placement Provider); Robert Smith; Kinberly Ann Forquer (Clark County Jail); and Jayne T Dabney. Plaintiff has not alleged in what capacity he sues Defendants.

Although his complaint is difficult to follow, it appears Plaintiff recorded public officials "in their act of duty" on April 14, 2023, while awaiting a visit with his child. Doc. [1] at 5. Plaintiff states that the Division of Children's Services called the Kirksville Police Department because Plaintiff was recording his

interaction with Kendrea Smith, who he describes as a relative placement provider. *Id.* As a result, he states a "FST Emergence Mee[t]ing" was held without him on July 14, 2023 and all parties were in favor of terminating his in-person visits with his child. *Id.* Plaintiff states that he was put on mute during the FST meeting. In separate allegations, Plaintiff states he was presumed positive on a drug test administered May 12, 2023, although he does not explain the circumstances surrounding the drug test. *Id.*

In his list of defendants, a separate document, Plaintiff states that Defendant Rivera "influenced her way [into] this case AR-JU00057 to attempt to make me [lose] custody of a child" and "encri[pts] [herself] [into] my email to gain access to my personal contact list on my phone." Doc. [1-2] at 1. She also contacted case workers without Plaintiff's knowledge. *Id.* The other Defendants used Defendant Rivera "to alienate my [parental] right [through] the [series] of false reporting to the Department of Children Services of Adair County." *Id.*

For relief, Plaintiff seeks $3.7 million for defamation, "Tit[]le IV-D Fraud," interference with child custody, intentional misconduct, and emotional distress. Doc. [1] at 6.

## Discussion

Plaintiff alleges Defendants violated his Fourth, Sixth, and Fourteenth Amendment rights during child custody proceedings in state court. Although he has

-4-

listed 20 Defendants in a separate sheet, he names only three Defendants in his statement of his claim: Alexa Ann Smyser, Mary Kilbourn, and Kendrea Smith. *See* Doc. [1] at 6.

As to Plaintiff's Fourth and Sixth Amendment rights, he has not alleged facts from which the Court could find any violations. The Fourth Amendment protects individuals from unreasonable searches and seizures, neither of which Plaintiff has alleged. *See* U.S. CONST. amend. IV. The Sixth Amendment provides criminal defendants with the right to counsel, a speedy and public trial, and the right to an impartial jury. *Id.* at amend. VI. Again, none of these rights are at issue in this civil action.

Plaintiff's due process rights are protected by the Fifth Amendment, which applies to the states through the Fourteenth Amendment. But Plaintiff has not articulated how these Defendants violated his Fourteenth Amendment rights. He alleges Defendant Smyser allowed Defendant Kilbourn to violate Plaintiff's equal protection rights. First, Plaintiff does not allege he is a member of a suspect class or that he was treated differently than others similarly situated. *See In re Kemp*, 894 F.3d 900, 909 (8th Cir. 2018) (finding that unless plaintiff can make a threshold showing that he or she is similarly situated to those receiving favorable treatment, plaintiff does not have an equal protection claim). So, Plaintiff has not alleged a plausible equal protection claim.

As to his due process rights, Plaintiff has not alleged sufficient factual content to state a plausible claim. He alleges Defendant Smyser allowed Defendant Kilbourn to violate his Fourteenth Amendment rights, but does not allege what either Defendant Smyser or Defendant Kilbourn did. Moreover, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Thus, "a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010).

Defendant Smith had an interaction with Plaintiff on April 14, 2023, which resulted in the police being called. But the circumstances surrounding this interaction are not alleged. Also, Defendant Smith is listed as the "relative placement provider" for Plaintiff's child; Plaintiff has not alleged that Smith acted under color of law. *See Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010).

Finally, in a separate document, Plaintiff states Defendant Rivera "influenced" this case and encrypts herself into Plaintiff's email. Doc. [1-2] at 1. Also, he alleges Rivera contacted case workers without his knowledge and made false reports to the Department of Children's Services. Plaintiff has not identified Defendant Rivera's role in Plaintiff's child custody proceedings, and it is unclear whether she operated under color of law as required to state a § 1983 claim. *See*

-6-

*Zutz*, 601 F.3d at 848.  Plaintiff has not alleged what Defendant Rivera did to influence his case or the substance of any false reports.  Also, Plaintiff has not connected any allegedly false reports to the loss of custody of his child.  Without any of this information, the court cannot find a plausible claim of due process violations against Defendant Rivera.

Plaintiff's complaint lacks the factual content required to state a plausible claim of due process violations against Defendants.  For these reasons, his complaint will be dismissed for failure to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**.  Doc. [2]

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2).

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 3rd day of  November, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

-7-