UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SUI-JURIS CAMRAN L. SHAW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:25-cv-00063-HEA |
| ) | |
| FAITH M. RIVERA, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

This closed civil rights action is before the Court on eight filings received since January 5, 2026 from self-represented Plaintiff Sui-Juris Camran L. Shaw. Plaintiff's filings are difficult to comprehend, but have been titled or referenced by him as (1) New Evidence of State Rejection and Expiration of 70-Day Clock Indiana Trial Court Rule 4(B) (Doc. 5); (2) Emergency Supplemental Notice: Report of Systemic Judicial Tyranny and Pre-Filing Support for December 22nd Ex Parte Application (Doc. 6); (3) Motion for Immediate Discharge Pursuant to Criminal Rule 4 (Doc. 7); (4) Letter Received January 28, 2026 from Plaintiff (Doc. 8); (5) Letter Received January 29, 2026 from Plaintiff (Doc. 10); (6) Dire Emergency Notice: Physical Obstruction of Federal Litigant and Manufactured Contempt (Doc. 11); (7) Emergency Notice of Docket Fraud & Renewed Request for Ex Parte/In Camera Communication (Doc. 9); and (8) Petitioner's Emergency Notice of

Constitutional Extermination, Judicial Harassment, and the Starvation of a Newborn (Packet #7) (Doc. 12).

Many of Plaintiff's filings relate to criminal charges he is facing in Indiana state court.  *See* Docs. 5-7, 12.  He writes of "evidence that has been suppressed or mishandled" by the Indiana courts and prosecutors (Doc. 7).  Some filings refer to the denial of food benefits to Plaintiff and his family or alleged mail fraud (Docs. 8, 10).  At various times he seeks to "formally integrate the Indiana Defendants into [his] original Section 1983 Complaint," or "protection of the Article III Shield to prevent an illegal seizure of my person" (Docs. 10-11).

At Document 9, without any context, Plaintiff states that he "[has] secured the original blue-ink signatures, $18.00 money order receipts, and Smith v. Gilmore case law in the Unit B Evidence Vault.  I request that Federal Marshal Service take custody of these items immediately." (Doc. 9).  He attaches to this document a picture labeled "Evidence Volt [sic]," which appears to be a picture of a filing cabinet with a paper attached to it reading "FEDERAL EVIDENCE VAULT PRIVATE LEGAL RECORDS: PROPERTY OF FEDERAL PETITIONER." (Doc. 9-4).

Plaintiff's recent filings have no relevance to the instant closed case, which concerned a child custody matter in Kirksville, Missouri.  In its Order dismissing

this action, the Court found that Plaintiff had not asserted any plausible claims of constitutional violations. *See* Doc. 3. Plaintiff did not appeal the dismissal of this action. To the extent any of Plaintiff's recent filings might be construed as a motion to reopen this case, Plaintiff has not shown that the Court erred in dismissing this action.

The Court interprets Plaintiff's repetitive filing of irrelevant and frivolous letters and documents in this closed case as an attempt to abuse the judicial process and waste the Court's resources. The Court will therefore prohibit Plaintiff from filing any future documents in this closed case, except for a notice of appeal or any appellate documents.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff is prohibited from filing any future documents in this closed case, with the exception of a notice of appeal or appellate documents.

**IT IS FURTHER ORDERED** that the Clerk shall not file in this action any documents from Plaintiff bearing the above case caption, with the exception of a notice of appeal or appellate documents, and shall instead return them to Plaintiff.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.  (Docs. 7, 9 and 10).

Dated this 4th day of February, 2026.

                                              _____
                                              HENRY EDWARD AUTREY
                                            UNITED STATES DISTRICT JUDGE